UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 15-12-DLB-EBA-2

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

DENNIS CARROLL                                                                          DEFENDANT

\*\*   \*\*   \*\*   \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the Defendant's construed Motion for Compassionate Release (Doc. # 412). His prior motion for relief (Doc. # 405) was denied without prejudice for failure to exhaust. *See* Doc. # 411. Mr. Carroll is currently incarcerated at FCI Gilmer in Glenville, West Virginia. He is 55 years old and has a projected release date of January 9, 2034. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last accessed on October 11, 2021). In his motion, Mr. Carroll explains that he has exhausted his administrative remedies because the warden did not timely respond to his initial request. In his prior motion, he argued that he suffers from certain health issues which would make a bout with COVID-19 problematic for him.[1] The Court did not address the merits of that motion as he had not produced evidence of exhaustion.

In its response, the Government argues continues to assert that he has failed to properly exhaust his available administrative remedies. *See* Doc. # 414. The

---

[1] See Doc. # 405-1 at pp. 19-26.

1

Government argues in the alternative that Defendant Carroll has failed to satisfy the requirements for a compassionate release. And since the filing of the original motion, Defendant is now fully vaccinated against COVID-19. *See* Sealed Attachment showing he received his second dose of the Pfizer BioNTech vaccine on March 23, 2021. More recently, Defendant has filed a letter detailing his release plans in the event the Court granting him a compassionate release. *See* Doc. # 421. Attached to his letter is a BOP program review and several work evaluations.

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). That statute provides that the court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts generally apply a three-step test when analyzing motions for compassionate release. *See United States v. Jones,* 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id.* Second, the court must consider any applicable policy statements found in the United States Sentencing Guidelines. *Id*. at

2

1108.  Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a).  *Id.*  There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf.  *Id*. at 1108-09.  Accordingly, when dealing with motions filed by inmates, district courts may skip step two of the three-step analysis.  *Id*. at 1111.  In one of its more recent published cases discussing compassionate release motions, the Sixth Circuit stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'  *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).  "Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion ... to determine whether an extraordinary and compelling reason justifies compassionate release."  *Jones*, 908 F.3d at 1109.

Here, the Government's response focuses on both exhaustion and a merits analysis.  *See* Doc. # 414.  Upon review, given the time lapse between the filing of the motion and the date of this Order, the Court will address the motion on its merits.

Defendant's claim about his potential health issues due to COVID-19 is neither extraordinary nor compelling in the Court's view.  Here, the only evidence of health issues is eight pages of BOP medical records Mr. Carroll attached to his original motion (Doc. # 405-1 at pp. 19-26).  Broadly construed, those records reveal he was prescribed certain medications that are known to treat high blood pressure and hypertension and that blood work and other testing revealed some items that were outside the normal range.  These

3

records, standing alone, are insufficient to establish extraordinary and compelling reasons to warrant a sentence reduction.

And although hypertension is a known risk factor for COVID-19, there is nothing in the record to establish that the BOP is not adequately treating Defendant's conditions while he has been incarcerated. And just as significantly, Defendant is fully vaccinated against the COVID-19 virus because he has received both Pfizer BioNTech vaccine shots. *See* attachment. The vaccines have been shown to be safe and effective in preventing disease, hospitalization and deaths. See *United States v. Cheatham*, No. 2:17-CR-20053-1, 2021 WL 1731712, at *2 (E.D. Mich. May 3, 2021) (Murphy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant is fully vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). In fact, many district courts within the Sixth Circuit have routinely refused to find that a fully vaccinated inmate has an extraordinary and compelling reason for release because of their fear of contracting COVID-19. *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases). Put simply, Mr. Carroll's medical circumstances are insufficient, standing alone, to satisfy the first prong of the test.

Additionally, the BOP is taking precautionary and preventative measures to curtail and prevent COVID-19 outbreaks. Every BOP institution has successfully initiated vaccination campaigns to administer COVID-19 vaccines to its inmate population. More specifically, according to the BOP's official website, as of Monday, October 11, 2021, FCI

Gilmer had 1250 fully inoculated inmates out of 1564 total inmates, which equates to almost 80%.  See https://bop.gov/coronavirus (last accessed on October 11, 2021).  As a result of the BOP's vaccination efforts, the COVID-19 outlook in October, 2021 is much brighter now than when Mr. Carroll's motion was originally filed.  In the Court's view, to release Mr. Carroll now due to the COVID-19 pandemic would create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of the crime and would not deter criminal activity.  Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

1. Defendant Carroll's construed Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 412) be, and is hereby **denied**; and

2. The attached vaccination record for Mr. Carroll shall be **filed under seal**.

This 11th day of October, 2021.



Signed By:
*David L. Bunning*
United States District Judge