UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 15-12-DLB-EBA-2

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                         MEMORANDUM ORDER

DENNIS L. CARROLL                                                                          DEFENDANT

*****************

Defendant Dennis L. Carroll has filed a motion seeking the appointment of counsel to help him prepare a motion to reduce sentence and for compassionate release. (Doc. # 473). Unfortunately for Defendant, he is not entitled to any sentencing relief and his Motion is **denied**.

Liberally construed, the Motion could be read to seek relief under the recent amendments to chapter 4 of the sentencing guidelines and/or the First Step Act ("FSA"). (*See id.*). The Court will address each in turn. The so-called "status points" amendment, U.S.S.G. § 4A1.1(e),[1] reduces from two criminal history points to one point for certain defendants who committed their offense while under any criminal justice sentence. The so-called "zero-point offenders" amendment provides that defendants who have zero criminal history points and meet certain other criteria are eligible for a two-level reduction to their offense level. *See* U.S.S.G. § 4C1.1(a).

In reviewing Defendant's Presentence Investigation Report at paragraphs 67 and

---

[1] Effective November 1, 2023, Section 4A1.1(e) provides as follows: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence . . . ."

1

68, he was assessed 16 criminal history points including 2 for having committed the instant offense while on parole.  But because Defendant is a career offender (*see* PSR ¶ 68), his criminal history remains a category VI irrespective of the status points amendment.  *See* U.S.S.G. § 4B1.1(b).  And because Defendant was assessed more than zero criminal history points, the zero-point offenders amendment does not apply. Put simply, Defendant's advisory guideline range is not impacted by the new guideline amendments.

Nor is Defendant eligible for relief under the FSA.  The Sixth Circuit has repeatedly rejected inmates' claims that the FSA's non-retroactive amendment to statutory mandatory minimums for certain offenses were extraordinary and compelling reasons justifying relief under 18 U.S.C. § 3582(c)(1)(A), the federal statute governing sentence modifications.  *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021).  In the absence of any other vehicle for relief, Defendant is not entitled to a reduced sentence under the FSA.

For the above reasons, the Court concludes that Defendant is not eligible for any sentencing relief.  Accordingly, his request for the appointment of counsel is moot and his Motion (Doc. # 473) is **DENIED**.

This 16th day of May, 2024.



Signed By:
*David L. Bunning*   *DB*
United States District Judge

K:\DATA\ORDERS\Amendment 821 Orders\Orders denying or granting Amendment 821 relief\Dennis Carroll  0-15-12-2 Order Denying DE 473.docx